IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-81-F-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| VERNON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the United States Secret Service, and defendant the testimony of the proposed third-party custodians, his mother and sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

Defendant was charged in a three-count indictment on 7 March 2012 with conspiracy to counterfeit U.S. currency from an unknown date until about 27 July 2010, in violation of 18 U.S.C. § 371 (ct. 1); counterfeiting U.S. currency, and aiding and abetting the same, in the same time period, in violation of 18 U.S.C. §§ 471 and 2 (ct. 2); and possession of counterfeit U.S. currency, and aiding and abetting the same, in the same time period, in violation of 18 U.S.C. §§ 472 and 2 (ct. 3). The evidence presented at the hearing showed that the charges arise from defendant's participation with his co-defendant in the counterfeiting of U.S. currency and the

passing of such currency at the drive-through windows of fast-food restaurants. The co-defendant was the leader of the operation.

The law requires that defendant be detained pending trial based on the following principal findings and reasons: the strength of the government's case against him, including his admission to counterfeiting; his criminal history, including five misdemeanor convictions and commission of one of the misdemeanors while on probation; defendant's lack of a fixed residence; his statement to his employer that he was quitting his job because he was wanted by federal authorities and did not want to be caught; his substance abuse problem; his walking away from arresting agents when they approached him, announcing who they were; the co-defendant's status as a fugitive and thereby a possible resource for defendant should he flee if released; the unsuitability of defendant's sister as a proposed third-party custodian because she is necessarily occupied with her two young children; the unsuitability of defendant's mother as a proposed third-party custodian because of her seemingly casual attitude toward defendant's case (she did not know the charges against him) and her questionable truthfulness in a portion of her testimony (she said defendant stayed at her home the night before he was arrested, but defendant purportedly told the agent he last spent the night there two weeks prior to his arrest); and the other findings and reasons stated in open court. The court considered evidence offered as mitigating, such as defendant's work history, but finds that the factors favoring detention outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of March 2012.

_____
James E. Gates
United States Magistrate Judge